1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  LUIS MURATALLA-LUA,            ) 1:07-cv-00961-AWI-SMS
                                   )
11             Plaintiff,          ) ORDER DIRECTING PLAINTIFF WITHIN
                                   ) THIRTY DAYS TO 1) PAY THE FILING
12                                 ) FEE OR SUBMIT A COMPLETED
        v.                         ) APPLICATION TO PROCEED IN FORMA
13                                 ) PAUPERIS, OR 2) FILE A NOTICE OF
    JOHN AMBRY,                    ) VOLUNTARY DISMISSAL OF THIS
14                                 ) ACTION
               Defendant.          )
15                                 ) ORDER DIRECTING THE CLERK TO SEND
    _____) PLAINTIFF BLANK FORMS FOR AN
16                                   APPLICATION TO PROCEED IN FORMA
                                     PAUPERIS, A CIVIL RIGHTS
17                                   COMPLAINT PURSUANT TO § 1983, AND
                                     A PETITION FOR WRIT OF HABEAS
18                                   CORPUS
19

20      Plaintiff is a state prisoner proceeding with a civil rights

21  action pursuant to 42 U.S.C. § 1983. The matter has been referred

22  to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local

23  Rules 72-302 and 72-304.

24      On July 2, 2007, Plaintiff filed a complaint pursuant to 42

25  U.S.C. § 1983. Plaintiff neither paid the filing fee nor filed a

26  completed application to proceed in forma pauperis. Further,

27  Plaintiff, who is incarcerated, is suing his attorney for

28  ineffective assistance of counsel in connection with Plaintiff's

defense in a criminal case that apparently resulted in a judgment
of conviction pursuant to which Plaintiff is presently
incarcerated. Finally, although Plaintiff seeks monetary damages
in his complaint, he also states that the instant action is also
one for a petition for writ of habeas corpus.

I. Separate Action for Habeas Corpus Relief

When a prisoner challenges the legality or duration of his
custody, or raises a constitutional challenge which could entitle
him to an earlier release, his sole federal remedy is a writ of
habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973); Young
v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct.
1090 (1991). Thus, to the extent that Plaintiff wishes to obtain
habeas corpus relief, Plaintiff must file a separate petition for
writ of habeas corpus. The Court will direct the clerk to send to
Plaintiff a blank form for petition for writ of habeas corpus. If
Plaintiff desires to file for habeas corpus relief, he may file
for such relief in a separate action.

II. Defects in Plaintiff's Complaint

Further, to the extent that Plaintiff seeks to recover
damages for an allegedly unconstitutional conviction or
imprisonment, "a § 1983 plaintiff must prove that the conviction
or sentence has been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal authorized
to make such determination, or called into question by a federal
court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."
Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for
damages bearing that relationship to a conviction or sentence
that has not been so invalidated is not cognizable under § 1983."

2

1  <u>Id</u>. at 488. Plaintiff has not alleged that his conviction has

2  been invalidated, and because Plaintiff is seeking habeas corpus,

3  it appears that his conviction has not been invalidated. Thus,

4  the complaint in its present form would not appear to be legally

5  sufficient. <u>See</u>, <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585

6  (9th Cir. 1995). Therefore, if this complaint were screened, it

7  is likely that the Court would order dismissal of the complaint.

8      In addition, in order to recover under § 1983, Plaintiff

9  must allege and prove that Defendants acted under color of state

10 law to deprive Plaintiff of a right secured by the Constitution

11 or federal statute. <u>Karim-Panahi v.Los Angeles Police Dept</u>., 839

12 F.2d 621, 623 (9th Cir. 1988). Generally, private parties are not

13 acting under color of state law. <u>See</u> <u>Price v. Hawaii</u>, 939 F.2d

14 702, 707-08 (9th Cir. 1991). Further, it is established that a

15 public defender does not act under color of state law when

16 performing a lawyer's traditional functions as counsel to a

17 defendant in a criminal proceeding. <u>Polk County v. Dodson</u>, 454

18 U.S. 312, 317, 325 (1981); <u>Rivera v. Green</u>, 775 F.2d 1381, 1384

19 (9th Cir. 1985). This is another defect in Plaintiff's presently

20 filed complaint.

21     Thus, Plaintiff may want voluntarily to dismiss this action.

22 Alternatively, Plaintiff may want to proceed with the action but

23 file a first amended complaint in which the defects in his

24 original complaint are remedied. The Court will direct the clerk

25 to send to Plaintiff a blank complaint form pursuant to § 1983 in

26 case Plaintiff desires to amend his complaint. However, the Court

27 will not screen the amended complaint and order service until the

28 filing fee is paid or Plaintiff files an application to proceed

3

in forma pauperis that is granted.

III.  <u>Payment of Filing Fee or Filing an Application to
      Proceed in Forma Pauperis</u>

Finally, the Court notes that Plaintiff has neither filed an application to proceed in forma pauperis nor paid the $350.00 filing fee for a civil action. The filing fee for all civil actions other than habeas corpus is $350.00; the filing fee for an application for a writ of habeas corpus is $5.00. 28 U.S.C. § 1914, as amended effective April 8, 2006. Pub. L. No. 109-171, 120 Stat. 4 (2006). If Plaintiff seeks to continue to proceed with a section 1983 action, then Plaintiff will have to pay the filing fee or submit an application to proceed in forma pauperis. If Plaintiff seeks to proceed in forma pauperis and an application to do so is filed and granted, the Court will direct that the $350.00 filing fee be withdrawn in installments from Plaintiff's trust account at his custodial institution. Again, however, as the Court has noted, it appears that Plaintiff's section 1983 complaint as presently stated would be subject to dismissal when, after the filing fee is paid or in forma pauperis status granted, the Court formally screens the complaint to determine its legal adequacy before service on the Defendant may be ordered.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff an application to proceed in forma pauperis, a blank civil rights complaint form, and a blank form for petition for writ of habeas corpus;

2.   If Plaintiff wishes to pursue this civil rights action,

4

1    Plaintiff may proceed on the present complaint or may

2    file an amended complaint, but in either case Plaintiff

3    must either pay the filing fee in full or file an

4    application to proceed in forma pauperis within **thirty**

5    **(30) days**;

6    4.    If Plaintiff does not wish to pursue this action,

7    plaintiff may file a notice of voluntary dismissal

8    within **thirty (30) days** from the date of service of

9    this order; and

10   5.    If within **thirty (30) days** plaintiff does not file a

11   notice of voluntary dismissal on the one hand, or on

12   the other hand pay the filing fee or file an

13   application to proceed in forma pauperis, then this

14   action will be dismissed for failure to obey a court

15   order.

16   IT IS SO ORDERED.

17   **Dated:    July 24, 2007**                          **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE