UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS MURATALLA-LUA, | ) | 1:07-cv-00961-AWI-SMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S REQUEST |
| | ) | FOR APPOINTMENT OF COUNSEL (DOC. |
| | ) | 5) |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION TO |
| JOHN AMBRY, | ) | DISMISS ACTION FOR PLAINTIFF'S |
| | ) | FAILURE TO FOLLOW AN ORDER OF THE |
| Defendant. | ) | COURT OR TO PROSECUTE (DOCS. 4, |
| | ) | 7) |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On July 2, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff neither paid the filing fee nor filed a completed application to proceed in forma pauperis. Because Plaintiff was incarcerated and was suing his attorney for ineffective assistance of counsel in connection with Plaintiff's defense in a criminal case that apparently resulted in a judgment

1

of conviction pursuant to which Plaintiff is presently incarcerated, and further because Plaintiff had sought both monetary damages in his complaint and also a petition for writ of habeas corpus, the Court issued an order on July 25, 2007, granting Plaintiff thirty days in which to file an application to proceed in forma pauperis, or a notice of voluntary dismissal or of intent to proceed with a habeas corpus action separately from an action for damages. The order also informed Plaintiff of the apparent defects in his complaint and the legal standards on which the Court based its order.

The order was served on Plaintiff by mail on July 25, 2007; the mail has not been returned. On July 26, 2007, Plaintiff filed a motion for the appointment of counsel, but to date, Plaintiff has neither filed an application to proceed in forma pauperis, paid the filing fee, or indicated an intention to dismiss the damages action and proceed with a petition for writ of habeas corpus.

On September 12, 2007, the Court issued an order to Plaintiff to show cause why the action should not be dismissed for Plaintiff's failure to pay the filing fee, file an application to proceed in forma pauperis, or otherwise respond to the Court's order. The docket reflects that the order was served on Plaintiff by mail at the site of Plaintiff's incarceration on September 12, 2007. The mail has not been returned, and Plaintiff has not responded to the Court's order.

I. <u>Motion to Appoint Counsel</u>

On July 26, 2007, Plaintiff filed a motion for the appointment of counsel because he spoke very little English and

2

was housed in a psychiatric unit in the state prison for a mental disability.

Plaintiff was informed by the Court's order dated September 12, 2007, that the Court cannot appoint counsel or otherwise consider the merits of Plaintiff's case until either the filing fee is paid or a completed application to proceed in forma pauperis is filed.

Plaintiff cites no authority permitting this Court to order counsel to represent him, whether for compensation or otherwise.

Because Plaintiff does not allege that he is suffering any risk to his personal liberty, Plaintiff has no right to the appointment of counsel. <u>Lassiter v. Department of Social Services of Durham County, N.C.</u>, 452 U.S. 18, 25 (1981).

The Court notes that Plaintiff is proceeding in forma pauperis. The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford counsel. 28 U.S.C. § 1915(d). However, even where a statute provides for such appointment of counsel by the Court in such circumstances, appointment is discretionary, not mandatory. <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995). Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his or her claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, this Court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). Further, this court will seek volunteer counsel only in the most serious and exceptional cases. In light of the stage of the proceedings, the Court cannot make an affirmative determination that Plaintiff is likely to succeed on the merits. <u>Terrell</u>, 935 F.2d at 1017. Indeed, as the Court's order of July 25, 2007, informed Plaintiff, it does not appear that the complaint that Plaintiff filed is meritorious. Further, the case does not appear to be particularly complex or exceptional.

Accordingly, Plaintiff's motion for the appointment of counsel IS DENIED without prejudice.

II. <u>Findings and Recommendation to Dismiss Action</u>

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

4

1  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41
2  (9th Cir. 1988) (dismissal for failure to comply with local rule
3  requiring pro se plaintiffs to keep court apprised of address);
4  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
5  (dismissal for failure to comply with court order); Henderson v.
6  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
7  failure to lack of prosecution and failure to comply with local
8  rules).

9     In determining whether to dismiss an action for lack of
10 prosecution, failure to obey a court order, or failure to comply
11 with local rules, the Court must consider several factors: (1)
12 the public's interest in expeditious resolution of litigation;
13 (2) the court's need to manage its docket; (3) the risk of
14 prejudice to the defendants; (4) the public policy favoring
15 disposition of cases on their merits; and (5) the availability of
16 less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,
17 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
18 1260-61; Ghazali, 46 F.3d at 53.

19     In this case, the Court finds that the public's interest in
20 expeditiously resolving this litigation and the Court's interest
21 in managing the docket weigh in favor of dismissal, as the case
22 has been pending since early July 2007. The third factor, risk of
23 prejudice to Defendants, also weighs in favor of dismissal
24 because a presumption of injury arises from the occurrence of
25 unreasonable delay in prosecuting an action. Anderson v. Air
26 West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- the
27 public policy favoring disposition of cases on their merits -- is
28 greatly outweighed by the factors in favor of dismissal discussed

5

1  herein. Finally, a court's warning to a party that his failure to
2  obey the court's order will result in dismissal satisfies the
3  "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>,
4  963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at
5  1424. The Court's order directing Plaintiff to pay the filing fee
6  as well as the order to show cause expressly stated that a
7  failure of Plaintiff to respond to the Court's order would result
8  in dismissal or a recommendation that the action be dismissed.
9  Thus, Plaintiff received adequate warning that dismissal would
10 result from his noncompliance with the Court's order.

11 Accordingly, the Court HEREBY RECOMMENDS that this action be
12 DISMISSED, without prejudice, pursuant to Local Rule 11-110 for
13 Plaintiff's failure to comply with the Court's order.

14 These findings and recommendations are submitted to the
15 United States District Judge assigned to the case, pursuant to
16 the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days
17 after being served with these findings and recommendations, any
18 party may file written objections with the court and serve a copy
19 on all parties. Such a document should be captioned "Objections
20 to Magistrate Judge's Findings and Recommendations." Any reply to
21 the objections shall be served and filed within ten days after
22 service of the objections. The parties are advised that failure
23 to file objections within the specified time may waive the right
24 //
25 ///
26 ////
27 /////
28 //////

to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:    October 18, 2007**                     /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE